# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2023

Lyle W. Cayce
Clerk

———————

No. 22-40085

———————

Martha Chavez, *as next friend for* J.C.,

*Plaintiff—Appellant*,

*versus*

Brownsville Independent School District,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-cv-173

———————————————————

Before Wiener, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

J.C. was born in 1995, suffers from cerebral paralysis, and is non-verbal. He enrolled in Brownsville Independent School District's (BISD) special education program when he was three years old and routinely worked with paraprofessionals one-on-one, including Victor Villarreal, a level I state-certified paraprofessional aide. In 2016, J.C. suffered injuries at his high school while he was under Villareal's care. Afterward, J.C.'s mother, Martha

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40085

Chavez, invoked the Individuals with Disabilities Education Act (IDEA) administrative process, filing a complaint and a request for a due process hearing before a Texas Education Administration hearing officer. *See* 20 U.S.C. § 1415(a). In her complaint, Chavez alleged that BISD failed to provide a free appropriate public education (FAPE) for J.C.

In June 2017, Chavez and BISD settled "all of their differences, complaints, claims and causes of action which fall[] under I.D.E.A. without resorting to litigation." The settlement agreement released BISD from "any and all claims, demands, [and] causes of actions pursuant to IDEA" that occurred "prior to the finalization" of the agreement "arising out of any alleged failure on the part of [BISD] to provide [J.C.] a [FAPE], including, but not limited to any claims articulated in their request for a due process hearing." J.C. subsequently graduated in 2018, transitioning out of BISD at age 22.

Over a year later, Chavez filed this action on J.C.'s behalf against BISD and Villarreal, alleging that the Defendants violated J.C.'s Fourteenth Amendment due process rights to bodily integrity and equal protection, as well as his rights under the Americans with Disabilities Act (ADA). Chavez sought compensatory damages, equitable relief to enjoin the Defendants, and attorney's fees. BISD filed a motion for summary judgment, asserting that there was no evidence of a custom or practice resulting in injuries to children, thus precluding any municipal liability under Section 1983. BISD also asserted that any claims for compensatory damages required a showing of intentional discrimination, which was not present.

Critical to this appeal, the magistrate judge determined that Chavez failed to exhaust IDEA's procedural remedies under 20 U.S.C. § 1415(*l*),[1]

---

[1] Section 1415(*l*) provides:

barring her claims. The district court agreed, holding that Chavez's claims were "barred because she failed to exhaust her administrative remedies and did not demonstrate that exhaustion would be futile or inadequate." The district court declined to reach the merits and dismissed the case without prejudice. Chavez timely appealed.

After the parties completed briefing and oral argument in this court, the Supreme Court, in *Perez v. Sturgis Public Schools*, 143 S. Ct. 859 (2023), held that § 1415(*l*) does not require exhaustion of the administrative processes under IDEA "where a plaintiff brings a suit under another federal law for compensatory damages—a form of relief everyone agrees IDEA does not provide." *Id.* at 864; *see also id.* at 865 ("[A] suit admittedly premised on the past denial of a free and appropriate education may nonetheless proceed without exhausting IDEA's administrative processes if the remedy a plaintiff seeks is not one IDEA provides.").

In view of *Perez*, we requested supplemental briefing from the parties. Chavez contends that *Perez* is dispositive regarding her claim for compensatory damages, i.e., that the claim does not hinge on exhaustion under IDEA, and thus requires remand for further consideration. BISD acknowledges *Perez* changed the exhaustion framework for compensatory damages claims but urges this court to affirm on other grounds.

We agree that *Perez* mandates vacatur of the district court's dismissal of Chavez's claim for compensatory damages. The district court's

---

Nothing in [IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under . . . Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under [IDEA], [IDEA's administrative procedures] shall be exhausted to the same extent as would be required had the action been brought under [IDEA].

application of IDEA's exhaustion requirement to Chavez's claims seeking compensatory damages conflicts with *Perez* and cannot be sustained. *See id.* at 865–66 (clarifying that "nothing in [§ 1415(*l*)] bars" compensatory damages claims and remanding "for further proceedings consistent with this opinion"). Because the district court did not have the benefit of *Perez*'s holding when it dismissed Chavez's complaint, we vacate the dismissal order regarding compensatory damages and remand for further proceedings.

The same is not true for Chavez's claim for equitable relief to enjoin Defendants. As the Supreme Court explained, "a plaintiff who files an ADA action seeking both damages and the sort of equitable relief IDEA provides may find [her] request for equitable relief barred or deferred if [she] has yet to exhaust § 1415(f) and (g)." *Id.* at 865; *see also Li v. Revere Loc. Sch. Dist.*, No. 21-3422, 2023 WL 3302062, at *13 (6th Cir. May 8, 2023) (describing the difference between forward-looking equitable relief and backward-looking compensatory damages in the light of *Perez*). The district court's application of IDEA's exhaustion requirement to Chavez's request for equitable relief was thus not affected by *Perez*, and was not otherwise in error. We affirm the court's order dismissing Chavez's claim for injunctive relief.

VACATED IN PART; AFFIRMED IN PART; REMANDED.